# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**SHARON JOHNSON, WIDOW OF
HAROLD O. JOHNSON (DECEASED),**
**Claimant Below, Petitioner**

**FILED**
September 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 11-1729** (BOR Appeal No. 2045991)
                    (Claim No. 2009075158)

**ALCAN ROLLED PRODUCTS – RAVENSWOOD, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Sharon Johnson, by Robert Williams, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alcan Rolled Products – Ravenswood, LLC, by H. Toney Stroud, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 22, 2011, in which the Board affirmed an April 29, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 16, 2009, decision denying Ms. Johnson's application for dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Johnson worked for Alcan Rolled Products – Ravenswood, LLC. The record demonstrates that during his life, he received a 5% permanent partial disability award for occupational pneumoconiosis. Mr. Johnson passed away on February 4, 2008. The death certificate listed the immediate causes of death as sudden death, possible myocardial infarction with ASHD as a condition leading to immediate death. It also listed other significant conditions including COPD. On August 25, 2009, the Occupational Pneumoconiosis Board found that occupational pneumoconiosis was not a material contributing factor in Mr. Johnson's death, and noted that there was insufficient evidence to establish a diagnosis of occupational

pneumoconiosis. The claims administrator denied Ms. Johnson's application for dependent's benefits based on the findings of the Occupational Pneumoconiosis Board on October 16, 2009.

The Office of Judges affirmed the claims administrator's decision, and held that occupational pneumoconiosis was not a material contributing factor in the decedent's death. On appeal, Ms. Johnson disagrees and argues that when the evidence is weighed in this case, the ruling should be in her favor, noting that Dr. Rasmussen found that occupational pneumoconiosis was a material contributing factor. Alcan Rolled Products maintains that the evidence establishes that Mr. Johnson died a cardiac death, and that occupational pneumoconiosis did not contribute to his death. Dr. Rasmussen found that pulmonary hypertension was a predominant cause of Mr. Johnson's sudden death, and opined that it was most likely due to cardiac dysrhythmia which is probably due to Mr. Johnson's asbestosis resulting from thirty-three years of occupational exposure. Dr. Renn found that Mr. Johnson died a sudden, cardiac death, and that occupational pneumoconiosis did not cause, contribute to, or hasten his demise.

In *Bradford v. Workers' Compensation Com'r*, Syl. Pt. 3, 185 W.Va. 434, 408 S.E.2d 13 (1991), this Court held that in order to establish entitlement to dependent's benefits, a claimant must show that an occupational disease or injury "contributed in any material degree to the death." The Office of Judges found that Dr. Rasmussen's report was not persuasive, and noted that he made several conclusory assertions despite noting that a CT scan did not necessarily support his opinion. It noted that Dr. Renn found that Mr. Johnson died a sudden cardiac death, and would have died when and how he did whether or not occupational dust exposure occurred. Further, the Office of Judges noted that 2005 medical records demonstrate that most of Mr. Johnson's lung problems seemed to be attributable to his extensive smoking history. The Office of Judges further noted that the Occupational Pneumoconiosis Board found that occupational pneumoconiosis was not a material contributing factor in Mr. Johnson's death, and found that the Occupational Pneumoconiosis Board's findings and conclusions are credible and reliable. The Board of Review reached the same reasoned conclusions in its decision of November 22, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   September 12, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum